IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL P. PRESCOTT, | : | |
| Plaintiff | : | Civil Action No. |
| | : | 8:12-cv-01945 |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| COMTECH MOBILE DATACOM CORPORATION, | : | |
| Defendant | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO F.R.C.P. 15**

I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Michael P. Prescott ("Prescott") filed a Complaint on or about April 13, 2012, alleging the Defendant violated the Americans with Disabilities Act of 1990 (ADA), as codified, 42 U.S.C. Section 12101 et. seq., and the Age Discrimination in Employment Act (ADEA), as codified, 29 U.S.C. Section 621 et. seq. when it terminated him on April 12, 2011.

Subsequent to his termination, Prescott filed a charge of discrimination[1] with the EEOC. The EEOC prepared a Charge of Discrimination that Prescott signed on July 6, 2011, alleging discrimination based on age and disability. The Defendant filed a position statement with the EEOC on September 23, 2011. On that same date, the EEOC wrote a

---

[1] Copies of all relevant documents are attached as Exhibits to the Motion for Leave to Amend Complaint, filed simultaneously herewith.

1

letter to Prescott requesting that Prescott provide a rebuttal. Prescott filed a rebuttal in which he stated "Not only did Comtech fire me because of my disability, but they fired me because I requested an accommodation. This is retaliation under the ADA."

## II. STATEMENT OF QUESTIONS INVOLVED

**A. Whether Plaintiff should be granted leave to amend his Complaint to add a claim for retaliation which was developed in the investigation of Plaintiff's original age and disability discrimination charges?**

Suggested Answer: **Yes.**

## III. DISCUSSION

**A. Plaintiff should be granted leave to amend his Complaint to add a claim for retaliation which was developed in the investigation of Plaintiff's original age and disability discrimination charges.**

Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In the instant case, justice requires that Plaintiff be granted leave to amend his complaint to include a charge for retaliation.

> It is well-established in the Fourth Circuit that in employment discrimination matters in which a lawsuit follows a charge of discrimination filed with the EEOC, '[t]he suit filed may encompass only the discrimination stated in the charge itself <u>or developed in the course of a reasonable investigation of that charge</u>.'

Barnes v. ISG Sparrows Point, LLC, BPG-10-2492, 2011 WL 4596058 (D. Md., 2011)(*citing* King v. Seaboard Coast Line R.R. Co., 538 F.2d 581, 583 (4th Cir.1976)) (*emphasis added*).

Further, this Court has recognized that:

> An EEOC charge need not be as legally specific as a complaint because the administrative system is meant to allow an average person access to the remedial services of the EEOC. Often, courts have forgiven a complainant's failure to comply with the procedural requirements of Title VII, even when a complainant fails to name a required party in the EEOC charge,… as long as the complainant has not bypassed the administrative process that serves the statutory purpose of conciliation. Courts have held, however, that a complainant bypasses the administrative process when the complaint attempts to set forth a new charge, not filed in the administrative charge, that is <u>unrelated to or unlike the allegations already filed.</u>

Killian v. Kinzer, 123 Md. App. 60, 65-66, 716 A.2d 1071, 1073-74 (1998)(*internal citations omitted*)(*emphasis added*). In Killian, the claimant filed an EEOC charge for retaliation, but did not check the box for "sex". The Court precluded her charge for sexual discrimination. Killian differs substantially from the case at hand in that Prescott did not wait until filing his Complaint to raise the additional charge; instead, as shown above, Prescott raised the retaliation claim during the course of the EEOC investigation. As such, the retaliation claim did <u>not</u> "bypass the administrative process."

The Fourth Circuit has announced a generally accepted principle that the scope of

3

a Title VII lawsuit may extend to 'any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission.' Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992)(*citing* Hill v. Western Electric Co., 672 F.2d 381, 390 n. 6 (4th Cir.)). Here, as shown above, the retaliation charge was addressed in Prescott's rebuttal to the Defendant's position statement; as such, the charge was developed in the course of the reasonable investigation of the discrimination charge listed on the EEOC Charge. Further, the retaliatory discharge for requesting an accommodation is directly related to the ADA discrimination charge which was already filed.

## IV. CONCLUSION

In light of the forgoing, Plaintiff Michael Prescott respectfully requests that this Honorable Court grant him leave to file the Amended Complaint attached to his Motion for Leave to Amend Complaint Pursuant to F.R.C.P. 15.

Respectfully submitted,

**GOLDBERG KATZMAN, P.C.**

By: /S/ Michael J. Crocenzi
    Michael J. Crocenzi
    Attorney I.D. No. 66255 (PA)
    4250 Crums Mill Road, Ste. 301
    P.O. Box 6991
    Harrisburg, PA 17112
    Telephone: (717) 234-4161
    mjc@goldbergkatzman.com

By: /S/ Morris E. Fischer
    Morris E. Fischer
    Morris E. Fischer, LLC
    1400 Spring Street, Ste. 350
    Silver Spring, MD 20910-2762
    Telephone: (301) 328-7631
    morris@mfischerlaw.com

*Attorneys for Plaintiff, Michael Prescott*

Date: October 10, 2012

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of October, 2012, I caused the foregoing document to be filed via ECF and that Michael J. Crocenzi, Esquire, is a filing user under the ECF system. Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with this case. Electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document and no additional service upon the filing user is required.

Allan H. Weitzman, Esquire<br>
Ian C. Schaefer, Esquire<br>
Proskauer Rose LLP<br>
Eleven Times Square<br>
New York, NY 10036-8299

Respectfully submitted,

**GOLDBERG KATZMAN, P.C.**

| By: /S/ Michael J. Crocenzi | By: /S/ Morris E. Fischer |
|---|---|
| Michael J. Crocenzi | Morris E. Fischer |
| Attorney I.D. No. 66255 (PA) | Morris E. Fischer, LLC |
| 4250 Crums Mill Road, Ste. 301 | 1400 Spring Street, Ste. 350 |
| P.O. Box 6991 | Silver Spring, MD 20910-2762 |
| Harrisburg, PA 17112 | Telephone: (301) 328-7631 |
| Telephone: (717) 234-4161 | morris@mfischerlaw.com |
| mjc@goldbergkatzman.com | |

*Attorneys for Plaintiff, Michael Prescott*