UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

October 11, 2012

**Via Electronic Filing**
Michael J Crocenzi, Esquire
Goldberg Katzman PC
4250 Crums Mill Road, Suite 301
Harrisburg, Pennsylvania 17112

Morris Eli Fischer, Esquire
Morris E Fischer LLC
1400 Spring Street, Suite 350
Silver Spring, Maryland 20910

Allan H Weitzman, Esquire
Proskauer Rose LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, Florida 33431

Benjamin R Ogletree, Esquire
Proskauer Rose LLP
1001 Pennsylvania Avenie, NW
Suite 400 South
Washington, DC 20004

Ian C Schaefer, Esquire
Jan-Philip Kernisau, Esquire
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036

Re:    Michael P. Prescott v. Comtech Mobile Datacome Corporation
       Civil Action No. DKC-12-1945

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled, with the consent of the parties, for **Wednesday, December 12, 2012 at 9:30 a.m.** to be held in my chambers (Room 235A, United States Courthouse, 6500 Cherrywood Lane, Greenbelt, Maryland).  It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person.  Attendance by the attorney for a party is not sufficient. *See* Local Rule 607.3.  Please also be advised that the conference may take the entire day.

No later than **Wednesday, December 5, 2012 by 12:00 noon**, I would like to receive from each party a short letter via e-mail (Barbara_Barry@mdd.uscourts.gov) candidly setting forth the following:

1. Facts you believe you can prove at trial;

2. The major weaknesses in each side's case, both factual and legal;

3. An evaluation of the maximum and minimum damage awards you believe likely;

*Prescott v. Comtech Mobile*
October 11, 2012
Page 2

4. The history of any settlement negotiations to date; and

5. Estimate of attorney's fees and costs of litigation through trial; and

6. The number of attendees you expect to have at the conference.

The letters may be submitted <u>ex parte</u> and will be solely for my use in preparing for the settlement conference.  I also will review the pleadings in the court file.  Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify.  If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]  However, in the event a party intends to provide an <u>ex parte</u> submission that exceeds 25 pages (including attachments), it must be submitted as a paper copy and should be received in the Clerk's Office by the date specified above.

In preparation for the conference, Plaintiff shall submit a written demand to the Defendant no later than **10 business days** prior to the conference.  Defendant shall submit a written offer to the Plaintiff no later than **5 business days** prior to the conference.  All exchanges between the parties shall be via facsimile or e-mail, with a courtesy copy e-mailed to Chambers at the time of the exchange.  **Failure to comply without justification may result in the imposition of sanctions.**  The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited.  *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/
Charles B. Day
United States Magistrate Judge

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement.  The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters.  Therefore, please discuss these items with your client before appearing for the settlement conference.