# EXHIBIT

# B

Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

September 23, 2011

Ian C. Schaefer
Attorney at Law

d 212.969.3563
f 212.969.2900
ischaefer@proskauer.com
www.proskauer.com

Mr. Andrew G. Williams
Supervisory Investigator
U.S. Equal Employment Opportunity Commission
303 East 17th Avenue, Suite 410
Denver, CO 80203

Re:   Michael P. Prescott v. Comtech Mobile Datacom Corporation
      Charge No. 541-2011-0159

Dear Mr. Williams:

On behalf of Respondent Comtech Mobile Datacom Corp. ("CMDC" or the "Company"), we submit this response to the above-referenced charge. As detailed below, the allegations that Complainant was discriminated against on the basis of his age or purported disability are not supported by the facts. Quite to the contrary, the record evidence shows that Complainant was part of a larger reduction in force.

**Background Facts**

CMDC is engaged in the business of designing, developing, manufacturing and servicing advanced telecommunications equipment for the United States Army and other private and public entities. Recently, business has fallen off, and the Company has had to reduce its workforce significantly. During the relevant period of Complainant's employment and thereafter, the Company downsized its workforce by more than 50 percent, from 137 employees to 61.

Complainant was hired in October 2009 by Dan Wood ("Wood") (age ▓), President of the Company; Bill Vaughan, Sr., ("Vaughan") (age ▓), Senior Vice President, Government Programs; and Clayton Smith ("Smith") (age ▓), Vice President, Commercial Programs, to serve as Sales Manager, Government, Commercial and SENS Sales (Exs. A, B). At the time of his hire, Complainant was ▓ years old.

As with all employees, Complainant received a copy of the Company's employee handbook which contained policies against discrimination and harassment, provided an effective internal complaint procedure, and spelled out the commitment to accommodate employees with disabilities. Complainant also received copies of the Company's annual Standards of Business Conduct (Ex. C).

Complainant was hired initially to sell the Company's TrackPack products which it had inherited from Comtech Aero Astro in August 2009. The TrackPack products are reliable, self-contained.

Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, D.C.

Proskauer»

Mr. Andrew G. Williams
September 23, 2011
Page 2

environmentally hardened asset tracking and tagging solutions for commercial users. The TrackPack products utilize the SENS technology, a satellite communications system to provide a robust, easy to use asset tracking solution.

In addition to selling the TrackPack product line, and as the Company sought to expand its commercial product offerings, Complainant would later play a role in nurturing the development of a new product that would later be named IntelliTruck. The IntelliTruck system allows users to monitor and track the logistics surrounding commercial trucking and the governmental regulations attendant thereto via satellite-based communications technology. Complainant played a role in introducing the new product to a variety of potential customers, and worked closely with Vaughan and Smith in that effort. Having found success selling such technology for military purposes, it was the Company's intention to launch the product globally to private, commercial users.

To that end, over a period of several months, the Company built a commercial sales force. In December 2010, the Company hired Orrin Stone ("Stone") as Sales Executive, reporting to Smith (Ex. D). Stone would work in tandem with Prescott (who was involved in his hiring) in the effort to build a strong customer base for the IntelliTruck and asset tracking products (Ex. E). At the time of his hiring, Stone was ▓ years old. Smith, Prescott and Wood were each involved in the hiring process (Ex. F).

Shortly thereafter, in February 2011, the Company hired Steve Katz (age ▓) ("Katz") as its new Director of Commercial Trucking and Tracking Sales, reporting to the Chief Operating Officer, John Fossacecca ("Fossacecca") (age ▓) (Ex. G). With more than 20 years of experience, as well as significant managerial and executive expertise and training, Katz was charged with leading the sales team focusing on IntelliTruck and SENS Product Lines. Both Complainant and Stone (along with Ian Itz, Tracking Products Administrator) reported directly to Katz.

In the Spring of 2011, the Company made the decision to cease its efforts to market and sell its IntelliTruck product to the private sector. As a result, the Company was no longer in need of a team of three sales professionals to sell this product line. Accordingly, the Company decided to retain the most experienced member of the sales team, Mr. Katz. Complainant and Stone were released. This decision was made by Mr. Wood, after consultation with Mr. Fossacecca.

Prescott's Allegations of Discrimination Are Baseless

Complainant alleges that he was selected for layoff on the basis of his age and purported disability. Neither of these claims is true or supportable.

Prescott's age discrimination claim is baseless. As noted above, once the Company made the decision to discontinue the commercial sale of IntelliTruck, it followed that it would no longer require a three-member sales force to support the product. To that end, the Company laid off both Prescott and Stone, and retained only Katz, the supervisor, who had a long history of success in sales along with managerial experience.

**Proskauer»**

Mr. Andrew G. Williams
September 23, 2011
Page 3

The assertion now that his selection for layoff was based on his age is belied by the fact that Wood and Vaughan hired Complainant less than two years earlier, and who themselves were members of the same over-40 protected class. That both Wood and Fossaceca, both members of the same protected class were key decision makers in the selection process in 2011 further weakens Complainant's allegation. Finally, the age claim is similarly undercut by the fact that the Company retained Katz, who was ██ years old at the time the selections were made.

Prescott's disability discrimination claim is similarly without merit. As noted above, Complainant never notified the Company that he was disabled or that he required a reasonable accommodation to perform his job. Quite to the contrary, over the course of 18 months of employment, Complainant utilized only two sick days and provided no indication to the Company that he was disabled. Tellingly, Complainant does not even specify the nature of his purported disability in the instant charge, but does concede that "management was cooperative in accommodating my travel and scheduling needs." Complainant told some in management that he had some unspecified medical issue that would require some time off for treatment, but there was no indication that these treatments would interfere with Complainant's ability to perform his job. Other employees have taken time off for medical needs, and the Company has had no difficulty accommodating them. Complainant still has not identified the nature of his alleged "disability," and at no time has Complainant set forth any facts to conclude that he was (i) disabled under the ADA or that (ii) there was any nexus between his selection for termination and this purported disability.

Conclusion

Complainant's allegations of discrimination are simply not supported by the evidence. Rather, the evidence shows that Complainant was hired at age 54 by individuals that were also members of the same protected class – and then selected for downsizing by those same decision-makers once the company discontinued the commercial launch of IntelliTruck. The corporate restructure left only Prescott's supervisor, Katz (then ██ years old himself) to handle sales.

Furthermore, there is simply no evidence that Complainant was ever disabled under the ADA, no evidence that the Company was ever made aware of his still-unspecified disability, and no evidence that any adverse action resulted from any such condition.

Based on the evidence, the charge should be dismissed in its entirety. If you need any additional information, please let us know.

Sincerely yours,

Ian C. Schaefer

Enclosures

**Proskauer》**

Mr. Andrew G. Williams
September 23, 2011
Page 4

cc:  Mr. Dan Wood (w/encs.)
    Mr. Michael Porcelain (w/encs.)
    Mr. Aaron J. Schindel, Esq.