UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

|  |  |
|---|---|
| MICHAEL PRESCOTT,<br><br>Plaintiff,<br><br>v.<br><br>COMTECH MOBILE DATACOM CORPORTATION,<br><br>Defendant. | ECF CASE<br>Civil Action No. 8:12-cv-01945-DKC<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................................ii

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT..................................................................................................................................2

I.  LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE DENIED BECAUSE THE AMENDMENT WOULD BE FUTILE ..................................................3

    A.  Plaintiff's Retaliation Claim is Time-Barred by the Statute of Limitations....................3

    B.  Plaintiff Failed to Exhaust Administrative Remedies With Respect To His Retaliation Claim.  His "Rebuttal Letter" Is Not Sufficient to Cure the Failure to Check the Retaliation Box ................................................................................................4

II. PLAINTIFF'S MOTION IS UNDULY DELAYED...............................................................7

    A.  Plaintiff Had Ample Opportunity To Raise A Retaliation Claim Premised on the Same Set of Facts But Failed to Do So...........................................................................7

    B.  Plaintiff Has Failed to Offer Any Explanation for Bringing The Retaliation Claim At This Time...................................................................................................................8

CONCLUSION...............................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

CASES

*Bryant v. Bell Atl. Md., Inc.*,
  288 F.3d 124 (4th Cir. 2002) ................................................................................ 4, 7

*Cuffee v. Verizon Communs., Inc.*,
  755 F. Supp. 2d 672 (D. Md. 2010) ........................................................................... 7

*Foman v. Davis*,
  371 U.S. 178 (1962) .................................................................................... 1, 2, 8

*Hasan v. Friedman & MacFadyen, P.A.*,
  No. DKC 11-3539, 2012 U.S. Dist. LEXIS 100995 (D. Md. July 20, 2012) ........................... 3

*Hibbitts v. Buchanan County Sch. Bd.*,
  433 F. App'x 203 (4th Cir. 2011) ........................................................................... 1, 2

*Howard v. Lakeshore Equip. Co.*,
  No. 11-1772, 2012 U.S. App. LEXIS 11540 (4th Cir. June 6, 2012) ..................................... 2

*Keller v. Prince George's Cnty.*,
  923 F.2d 30 (4th Cir. 1991) ................................................................................... 4

*Killian v. Kinzer*,
  123 Md. App. 60 - 67 (Md. Ct. Spec. App. 1998) ........................................................... 5

*Mayfield v. NASCAR*,
  674 F.3d 369 (4th Cir. 2012) .................................................................................. 2

*McGaw v. Biovail Pharms., Inc.*,
  300 F. Supp. 2d 371 (D. Md. 2004) ............................................................................ 5

*Miles v. Dell, Inc.*,
  429 F.3d 480 (4th Cir. 2005) ............................................................................ 4, 6, 7

*Riley v. Technical & Mgmt. Servs. Corp.*,
  872 F. Supp. 1454 (D. Md. 1995) .............................................................................. 7

*Sharkey IRO/IRA v. Franklin Res.*,
  263 F.R.D. 298 (D. Md. 2009) ............................................................................. 8, 9

*Sloop v. Memorial Mission Hosp, Inc.*,
  198 F.3d 147 (4th Cir. 1999) ................................................................................ 6, 7

*Smallzman v. Sea Breeze, Inc.*,
  No. HAR 92-2702, 1993 U.S. Dist. LEXIS 288 (D. Md. Jan. 7, 1993) ..................................... 5

*Smith v. First Union Nat'l Bank,*
   202 F.3d 234 (4th Cir. 2000) ............................................................................................5

*Sydnor v. Fairfax Cnty.,*
   681 F.3d 591 (4th Cir. 2012) ............................................................................................4

*United States EEOC v. Morningside House of Ellicott City, LLC,*
   No. 1:11-CU-02766, 2012 U.S. Dist. LEXIS 65691 (D. Md. May 9, 2012) .....................8

*United States v. Pittman,*
   209 F.3d 314 (4th Cir. 2000) ............................................................................................3

*Woodson v. Fulton,*
   614 F.2d 940 (4th Cir. 1980) ............................................................................................8

*Zenith Radio Corp. v. Hazeltine Research,*
   401 U.S. 321 (1971) ..........................................................................................................2

**STATUTES**

42 U.S.C. § 2000e-5(e)(1) ........................................................................................................3

42 U.S.C. § 12117(a) ................................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(a)(1) ............................................................................................................2

Federal Rule of Civil Procedure 15(a)(2) ............................................................................1, 2

Rule 12(b) .................................................................................................................................2

## **PRELIMINARY STATEMENT**

The standards for amending a complaint under Federal Rule of Civil Procedure 15(a)(2) are liberal, but not non-existent. Although leave to amend may be freely granted when justice so requires, if an amendment would be futile because it asserts claims that cannot withstand a motion to dismiss, leave to amend should be denied. *See Foman v. Davis*, 371 U.S. 178 (1962); *Hibbitts v. Buchanan County Sch. Bd.*, 433 F. App'x 203, 205 (4th Cir. 2011).

Through his Motion, Plaintiff Michael Prescott ("Plaintiff" or "Prescott") seeks a third bite at the apple to raise a retaliation claim that is now time barred by the statute of limitations – a maneuver that this Court should reject as futile and unduly delayed.

Plaintiff filed his initial charge with the Equal Employment Opportunity Commission ("EEOC") on July 6, 2011, checking only the boxes for age and disability discrimination. He did not check the box for retaliation. In his accompanying narrative to the Charge, Plaintiff alleged only age and disability discrimination, making no mention of any alleged retaliation. Tellingly, Plaintiff's original Complaint in this matter also failed to allege any claim of retaliation.

For the first time, Plaintiff now relies on two sentences of a rebuttal letter sent only to the EEOC (that was not served on the Defendant) to contend that his retaliation claim was a natural outgrowth of the EEOC process, and was "developed in the course of the reasonable investigation of the discrimination charge" (Plaintiff's Memorandum in Support of Plaintiff's Motion for Leave to Amend Complaint ("Pl. Br.") at 4)).[1] It is on that basis that Plaintiff contends leave to amend should be granted. However, the Fourth Circuit has squarely addressed this issue – and has found that a rebuttal letter is insufficient to cure the deficiencies created by a failure to check the retaliation box at the EEOC stage.

---

[1] The rebuttal letter provides "[n]ot only did Comtech fire me because of my disability, but they fired me because I requested an accommodation. This is retaliation under the ADA." (Pl. Br., Ex. D).

As described further herein, Prescott's proposed retaliation amendment would be futile because it could not withstand a motion to dismiss. Plaintiff has failed to exhaust his administrative remedies on a retaliation claim, and any potential retaliation claim is now time-barred. Furthermore, by failing to provide any justification for not raising this claim earlier, Plaintiff's motion to amend should be denied for undue delay. For all of these reasons, leave to amend to add a retaliation claim should be denied.[2]

## ARGUMENT

Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend its pleading within 21 days after serving it, or within 21 days after service of a responsive pleading or motion under Rule 12(b). Over six months have passed since Prescott filed the Complaint in this matter. Therefore, pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff may amend his Complaint only with the opposing party's consent, or leave of court if "justice so requires." *Mayfield v. NASCAR*, 674 F.3d 369, 379 (4th Cir. 2012). Leave to amend under Fed. R. Civ. P. 15(a)(2) is subject to the court's discretion. *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

This court may exercise its discretion and deny leave to amend when the proposed amendment is futile, prejudicial to the opposing party, or the result of undue delay, bad faith, or a dilatory motive. *Foman*, 371 U.S. at 182; *Howard v. Lakeshore Equip. Co.*, No. 11-1772, 2012 U.S. App. LEXIS 11540, at *4-5 (4th Cir. June 6, 2012); *Hibbitts*, 433 F. App'x at 205 (holding that leave to amend should be denied when the amendment would be futile). Amending a complaint would be futile if the claims asserted by the proposed amendment would not withstand a motion to dismiss for failure to state a claim or on some other basis, such as when they are

---

[2] Defendant consents to the removal of allegations of reputational damage against Prescott in the draft Amended Complaint at Paragraphs 35, 40 and 44.

2

barred by the statute of limitations. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) ("Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied."); *Hasan v. Friedman & MacFadyen, P.A.*, No. DKC 11-3539, 2012 U.S. Dist. LEXIS 100995 (D. Md. July 20, 2012). In the instant matter, Plaintiff's request for leave to amend should be denied for futility and for undue delay.

## I. LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE DENIED BECAUSE THE AMENDMENT WOULD BE FUTILE.

Plaintiff's proposed retaliation claim would not survive a motion to dismiss; and thus his motion for leave to amend should be denied based upon futility.

### A. Plaintiff's Retaliation Claim is Time-Barred by the Statute of Limitations.

Plaintiff's motion for leave to amend should be denied because his retaliation claim is time-barred by the applicable statute of limitations.

According to Plaintiff's EEOC charge, the alleged adverse employment action took place on April 11, 2011. He filed his EEOC charge on July 7, 2011; and the Complaint in this matter was filed on April 13, 2012, with no mention of a retaliation claim. Now, more than eighteen (18) months from the alleged adverse employment action, Prescott has attempted to raise an ADA retaliation claim for the first time in this lawsuit without an underlying an underlying EEOC charge raising this claim.

Under the statute, ADA claims must be filed with the EEOC within 180 days of the alleged discriminatory action. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1). If there is a state or local agency that enforces a law prohibiting the same alleged discriminatory practice, charges may be filed with the EEOC up to 300 days after the alleged discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1).

Here, the alleged discriminatory action was the termination of Plaintiff's employment with CMDC, which occurred far more than 300 days prior to the filing of the instant Motion or the filing of the Complaint in this case. Thus, because it is now too late to file a new or amended EEOC charge, Prescott's ADA retaliation claims are time-barred by the EEOC statute of limitations. For this reason alone, Plaintiff's proposed retaliation claim can not survive a motion to dismiss, and the Motion for Leave to Amend should be denied. *Keller v. Prince George's Cnty.*, 923 F.2d 30, 33 (4th Cir. 1991) (upholding district court order denying plaintiff leave to amend his complaint to include claims that were barred by the applicable statute of limitations because an amendment would be futile).

## B. Plaintiff Failed to Exhaust Administrative Remedies With Respect To His Retaliation Claim. His "Rebuttal Letter" Is Not Sufficient to Cure the Failure to Check the Retaliation Box.

Similarly, leave to amend should be denied based on Plaintiff's failure to exhaust his administrative remedies with respect to claims of retaliation.

Before a plaintiff has standing to file a lawsuit under the ADA, he must exhaust his administrative remedies by filing a charge with the EEOC. *Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012) (holding that "a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court"); *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002) (holding that retaliation, race and sex discrimination claims were time-barred due to a failure to exhaust administrative remedies). "The exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005). The scope of the civil action is confined by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination. *Bryant*, 288 F.3d at 132. Further,

4

"if a plaintiff's claims in [his] judicial complaint are reasonably related to [his] EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in [his] subsequent civil suit." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Moreover, to determine whether Prescott's Complaint is reasonably related to his EEOC charge, the Court "must find that [CMDC] had sufficient notice from the administrative charge of the alleged kinds of discrimination." *McGaw v. Biovail Pharms.*, Inc., 300 F. Supp. 2d 371, 373 (D. Md. 2004).

Here, Defendant had no notice of any alleged retaliation prior to receipt of Plaintiff's Motion for Leave to Amend. Prescott's failure to mention the alleged retaliation in his narrative, together with his failure to check the appropriate "RETALIATION" box in bringing his EEOC charge, is far more than a mere procedural technicality. *Killian v. Kinzer*, 123 Md. App. 60, 66 - 67 (Md. Ct. Spec. App. 1998) (holding that plaintiff's failure to check the box or describe the allegation in their EEOC charge resulted in a failure to put the employer on notice of the additional charge, thus the trial court was correct in refusing to hear plaintiff's additional claim). Rather, checking the appropriate box "is a necessary element to the orderly, non-disruptive approach adopted by Congress to resolve employment discrimination claims because it affects the notice requirements of an EEOC charge." *Id*. at 66-67; *Smallzman v. Sea Breeze, Inc.*, No. HAR 92-2702, 1993 U.S. Dist. LEXIS 288 (D. Md. Jan. 7, 1993) (dismissing a retaliation claim raised for the first time in a civil complaint, holding that "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charges, as surely as would an initial failure to file a timely EEOC charge.") As CMDC was never on

5

notice of a retaliation allegation at the EEOC stage, Prescott has failed to exhaust his administrative remedies with respect to his proposed retaliation claim.

Prescott asserts that his proposed retaliation claim is "reasonably related" to his EEOC charge based on his reliance on two sentences at the end of a rebuttal letter to the EEOC that was never served on Defendant. (*See* Pl. Br. at 2, 4). On this basis, he contends that he should now – in the final hour – be permitted to add this new claim to the Amended Complaint. However, the Fourth Circuit has squarely held that a letter to the EEOC is insufficient to constitute an exhaustion of administrative remedies. Thus, under these circumstances, Prescott's amendment would be futile.

In *Miles v. Dell, Inc.*, 429 F.3d 480 (4th Cir. 2005), the plaintiff filed a charge of discrimination with the EEOC – checking the box for sex discrimination, but *failing to check the box for retaliation*. In her narrative explaining the charge, the plaintiff also failed to allege retaliation. Subsequently, plaintiff's counsel sent a letter to the EEOC that explicitly alleged retaliation. This letter was never served on defendant.

The Fourth Circuit Court of Appeals held that where plaintiff fails to check the box or allege retaliation in her EEOC charge, a private letter to the EEOC never served on defendant could not cure the failure to allege retaliation in the charge, and was insufficient to meet the administrative exhaustion requirement. *See Miles*, 429 F.3d at 492; *see also Sloop*, 198 F.3d at 149 ("It would be objectively illogical to view a private letter from a complaining party to the EEOC as constructively amending a formal charge, given that one of the purposes of requiring a party to file charges with the EEOC is to put the charged party on notice of the claims raised against it.").

Here, Prescott's failure to check the box and/or allege retaliation in his EEOC charge can not be cured by a private letter to the EEOC. Thus, Plaintiff has not exhausted his administrative remedies for retaliation, and this Court should deny his request to add a retaliation claim as futile. *See Cuffee v. Verizon Communs., Inc.*, 755 F. Supp. 2d 672, 680 (D. Md. 2010) (denying a motion to amend adding a retaliation claim as futile where plaintiff did not check the box for retaliation, and holding that plaintiff did not exhaust her administrative remedies); *Sloop*, 198 F.3d at 149 (dismissing Title VII retaliation claim because plaintiff's EEOC charge only alleged age discrimination, not retaliation); *Riley v. Technical & Mgmt. Servs. Corp.*, 872 F. Supp. 1454, 1460 (D. Md. 1995) (holding that plaintiffs must exhaust their administrative remedies when the alleged retaliation could have been raised in the original EEOC complaint); *Bryant*, 288 F.3d at 132-133 (finding that plaintiff failed to exhaust administrative remedies for retaliation claim where his EEOC charge only alleged race discrimination).

As described above, following Fourth Circuit precedent in *Miles* (and contrary to Plaintiff's contentions), Prescott's proposed retaliation claim is not reasonably related to his EEOC charge such that it would reasonably be expected to follow from an administrative investigation of that charge. Because the scope of Prescott's complaint exceeds the limits of the allegations in his EEOC charge, he has failed to exhaust his administrative remedies. Therefore, his retaliation claim would not survive a motion to dismiss; and leave to amend the Complaint should be denied as futile.

## II.   PLAINTIFF'S MOTION IS UNDULY DELAYED.

Notwithstanding the foregoing, this Court may also properly deny leave to amend based on Plaintiff's undue delay in asserting his retaliation claims.

### A. Plaintiff Had Ample Opportunity To Raise A Retaliation Claim Premised on the Same Set of Facts But Failed to Do So.

Where a party seeks to add a legal claim based on factual information it knew or should have knowing prior to filing suit, the motion to amend may be denied. *See United States EEOC v. Morningside House of Ellicott City, LLC*, No. 1:11-CU-02766, 2012 U.S. Dist. LEXIS 65691, at *6-8 (D. Md. May 9, 2012) (motion for leave to amend complaint denied where plaintiffs sought to add a claim based on information they knew or should have known prior to filing suit); *Sharkey IRO/IRA v. Franklin Res.*, 263 F.R.D. 298, 301 (D. Md. 2009) (denying a motion for leave to amend where plaintiff was aware of all facts related to the additional claim at least 14 months before filing motion for leave to amend).

In his proposed draft Amended Complaint, Plaintiff concedes that the factual predicate of the instant case is: (i) the same today (before the commencement of discovery) as it was in April of 2011 when Prescott was terminated; (ii) the same as it was in July of 2011 when the EEOC charge was filed; (iii) the same as it was when Prescott submitted his response to the EEOC's September 23, 2011 rebuttal request; and (iv) the same as it was in April of 2012 when the instant Complaint was filed. In fact, eighteen (18) months have now passed since Plaintiff's termination, and yet at no time prior to this motion – even after making a fleeting reference to retaliation in the rebuttal letter – did Plaintiff choose to assert formal claims of retaliation.

There is simply no reason to allow Plaintiff to assert new claims ostensibly arising from the same set of facts he knew or should have known of since April of 2011. *Foman*, 371 U.S. at 182; *Woodson v. Fulton*, 614 F.2d 940, 943 (4th Cir. 1980).

### B. Plaintiff Has Failed to Offer Any Explanation for Bringing The Retaliation Claim At This Time.

Additionally, leave to amend may also be denied "when there is no reasonable justification for a delay between the moving party becoming aware of the need to alter the

complaint and the actual filing of the motion to amend." *See Sharkey IRO/IRA v. Franklin Res.*, 263 F.R.D. at 301 (D. Md. 2009).

Perhaps most striking, Plaintiff's motion offers not a scintilla of information or explanation as to why he seeks to amend at this belated time. He has offered no evidence or insight as to why he failed to bring this retaliation claim in his original Complaint, nor any justification of any kind as to why he seeks to bring this amended claim now. For this reason as well, leave to amend should be denied.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Leave to Amend should be denied as futile and as unjustifiably delayed.

Dated: November 9, 2012

PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036-8299
(212) 969-3000

By: /s/ Benjamin R. Ogletree
Benjamin R. Ogletree
Allan H. Weitzman, *Admitted Pro-hac vice*
Ian C. Schaefer, *Admitted Pro-hac vice*

ATTORNEYS FOR DEFENDANT
Comtech Mobile Datacom Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **MICHAEL PRESCOTT,** : | Civil Action No. 8:12-cv-01945-DKC |
| **Plaintiff,** : | |
| v. : | |
| **COMTECH MOBILE DATACOM CORPORATION,** : | |
| **Defendant.** : | |

## CERTIFICATE OF SERVICE

I, JAN-PHILIP KERNISAN, certify that I caused a copy of Defendant Comtech Mobile Datacom Corporation's Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend the Complaint to be served on November 9, 2012 by email on Plaintiff's counsel whose office is at the following address:

> Michael J. Crocenzi, Esq.
> Goldberg Katzman, P.C.
> 320 Market Street
> P.O. Box 1268
> Harrisburg, PA 17108-1268
> Telephone: 717.234.4161
> Facsimile: 717.234.6808
> Email: mjc@goldbergkatzman.com

Dated: November 9, 2012
       New York, New York

_____
JAN-PHILIP KERNISAN